IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO TOSO<br>437 New York Avenue NW, Apt. 1008,<br>Washington, D.C. 20001;<br><br>And<br><br>MARCELA SALMAN TOSO<br>437 New York Avenue NW, Apt. 1008,<br>Washington, D.C. 20001,<br><br>Defendants. | Case No. 1:17-cv-01092 |

**COMPLAINT**

The United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect civil penalties assessed against defendants Roberto Toso and Marcela Salman Toso ("Defendants"), for their failure to timely report their financial interests in foreign bank accounts for calendar years 2008 and 2009. The United States complains against the defendants as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under (i) 28 U.S.C. § 1331 because this action arises under a federal statute; (ii) 28 U.S.C. § 1345 because the United States is the plaintiff; and (iii) 28 U.S.C. § 1355(a) because this is an action for the recovery of a penalty imposed under an Act of Congress.

2. Venue properly lies in this district under 28 U.S.C. § 1395(a) because the Defendants reside in Washington, D.C., within this district.

## PARTIES

3. The plaintiff is the United States of America.
4. On information and belief, Defendant Roberto Toso is a citizen of Chile, was a resident of the United States during 2008 and 2009, and resides in Washington, D.C., within this district.
5. On information and belief, Defendant Marcela Salman Toso is a citizen of Chile, is married to Defendant, Roberto Toso, was a resident of the United States during 2008 and 2009, and resides in Washington, D.C., within this district.

## REGULATORY BACKGROUND

6. All citizens and residents of the United States, who have a financial interest in, or signatory or other authority over, foreign financial accounts that had an aggregate value greater than $10,000 during the calendar year are required to file an annual report disclosing the existence of each account. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350.
7. The annual report, known as a Report of Foreign Bank and Financial Accounts ("FBAR") for a calendar year is due no later than June 30 of the year following the calendar year for the years at issue. 31 C.F.R. § 1010.306(c).
8. All persons who are required to file Schedule B with their federal income tax returns (Forms 1040) are required to disclose on Schedule B of Form 1040 whether at any time during the year they had a financial interest in or signatory authority over a financial account located in a foreign country.

9. To fulfill this requirement, a person must file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR." *Id.*

10. Section 5321(a)(5) of Title 31, United States Code, authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of section 5314. Specifically, section 5321(a)(5)(C) provides for a willfulness penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

11. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

12. On March 19, 1991, Defendants Roberto Toso and Marcela Salman Toso opened a joint bank account at Swiss Bank Corporation, now Union Bank of Switzerland ("UBS") in Geneva, Switzerland with an account number ending in 90298.

13. In 2008, the defendants closed their UBS account (with account number ending in 90928) and transferred the remaining funds to an account the defendants owned or controlled at Bank J. Safra Sarasin AG ("Sarasin Bank,") also located in Switzerland, and having an account number ending in 0900.6.

14. Defendants Roberto Toso and Marcela Salman Toso applied to be a part of the Offshore Voluntary Disclosure Initiative ("OVDI") program in 2010.

15. As part of their application to the OVDI program, both defendants disclosed that they were the owners or beneficiaries of two foreign accounts during years 2008 and 2009, one with account Union Bank of Switzerland having an account number ending in 90298, and one account with Sarasin Bank having an account number ending in 0900.6.

16. The Internal Revenue Service accepted the defendants' application to join the OVDI program, and they entered into the program in November of 2010.

17. The defendants chose to withdraw from the OVDI program in 2013.

**COUNT I: CLAIM FOR PENALTIES ASSESSED AGAINST ROBERTO TOSO FOR FAILURE TO REPORT HIS FOREIGN FINANCIAL ACCOUNTS**

18. Defendant Roberto Toso was, at all relevant times, a United States person pursuant to 31 C.F.R. § 1010.350(b).

19. Defendant Roberto Toso held foreign bank accounts in which he had signatory authority, financial interest, or other authority at the following banks:

    a. Union Bank Switzerland in Switzerland, account number ending in 90298, which had an aggregate amount exceeding $10,000 during the year 2008;

    b. Sarasin Bank, in Switzerland, account number ending in 0900.6, which had an aggregate amount exceeding $10,000 during the year 2008;

    c. Sarasin Bank, in Switzerland, account number ending in 0900.6, which had an aggregate amount exceeding $10,000 during the year 2009;

20. Defendant Roberto Toso reported no income from the foreign accounts described in paragraph 19 on his 2008 IRS Form 1040 Individual Income Tax Return, though he had actually received such income, and later amended his 2008 federal income tax return to reflect such income.

21. Defendant Roberto Toso reported no income from the foreign accounts described in paragraph 19 on his 2009 IRS Form 1040 Individual Income Tax Return, though he had actually received such income, and later amended his 2009 federal income tax return to reflect such income.

22. Defendant Roberto Toso was subject to the reporting requirements contained in 31 U.S.C. § 5314 for calendar years 2008 and 2009, because he was a United States resident and had an interest in and/or signatory authority over the above accounts, and the aggregate balance of the accounts exceeded $10,000.
23. Defendant violated the reporting requirements of 31 U.S.C. § 5314 because he failed to file complete FBARs for years 2008 and 2009.
24. Section 5321(a)(5) of Title 31, United States Code, provides for the imposition of civil penalties against taxpayers who willfully failed to comply with the reporting requirements of section 5314.
25. Defendant Roberto Toso's failure to comply with the reporting requirements was willful under 31 U.S.C. § 5321(a)(5) as evidenced by the following:
    a. Defendant Roberto Toso failed to report any income he received from his foreign bank accounts in 2008 and 2009 on his IRS Form 1040 Individual Income Tax Returns for those years. He also failed to include a Schedule B on his tax returns for each of those years, and therefore failed to assert his ownership of foreign bank accounts on his federal income tax returns. When he subsequently amended his 2008 and 2009 income tax returns, he reported such income.
    b. In his OVDI application, Defendant Roberto Toso falsely stated that his mother opened and initially funded the first UBS account in 1991. In fact, both defendants jointly opened and initially funded the account, were beneficial owners, and actively managed the account.
    c. In 2000, Defendant Roberto Toso instructed UBS to avoid disclosure of his identity to the Internal Revenue Service in accordance with U.S. tax law, and to

that end, to freeze all new investments in U.S. securities to prevent disclosure of his identity as a foreign bank account holder to the Internal Revenue Service.

d. Defendant Roberto Toso personally met with UBS employees in the United States to discuss investment strategy, but also to avoid disclosure of the existence of his foreign accounts to the Internal Revenue Service.

e. In 2002 and 2003, Defendant Marcela Salman Toso transferred funds between the UBS account and his domestic bank accounts on eight separate occasions, each time transferring either $9,500 or $9,600 to the domestic accounts. These amounts are below the $10,000 threshold that would have triggered the domestic banking institutions to alert the IRS and Financial Crimes Enforcement Network (FinCEN) to the transfers by filing a FinCEN Form 104, Currency Transaction Report (CTR).

f. A federal court authorized the issuance of a "John Doe" summons by the Internal Revenue Service on July 1, 2008 in an attempt to identify U.S. taxpayers who had unreported accounts with UBS. Less than one month later, Defendant Roberto Toso ordered UBS to close his jointly owned account and transfer all funds to the Sarasin Bank account.

26. On June 8, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against Defendant Robert Toso under 31.U.S.C. § 5321(a)(5) in the amount of $195,165.00 for year 2008.

27. On June 8, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against Defendant Robert Toso under 31.U.S.C. § 5321(a)(5) in the amount of $195,165.00 for year 2009.

28. The Internal Revenue Service sent notice of the June 8, 2015 assessment to Defendant Roberto Toso, and demanded payment of the penalties described in paragraphs 26 and 27.

29. Defendant Roberto Toso has neglected or refused to fully pay the penalties assessed against him and described in paragraphs 28 and 29, above.

30. Interest and penalties have accrued pursuant to 31 U.S.C. § 3717, and will continue to accrue on the above-described penalty assessments as prescribed by law until the penalties are paid in full.

31. Defendant Roberto Toso is indebted to the United States with respect to the penalties described in paragraphs 26 and 27, in the total amount of $442,431.04, as of May 4, 2017, plus statutory additions that continue to accrue thereafter as provided by law.

## COUNT II: CLAIM FOR PENALTIES ASSESSED AGAINST MARCELA SALMAN TOSO FOR FAILURE TO REPORT HER FOREIGN FINANCIAL ACCOUNTS

32. Defendant Marcela Salman Toso was, at all relevant times, a United States person pursuant to 31 C.F.R. § 1010.350(b).

33. Defendant Marcela Salman Toso held foreign bank accounts in which she had signatory authority, financial interest, or other authority at the following banks:

    a. Union Bank Switzerland in Switzerland, account number ending in 90298, which had an aggregate amount exceeding $10,000 during the year 2008;

    b. Sarasin Bank, in Switzerland, account number ending in 0900.6, which had an aggregate amount exceeding $10,000 during the year 2008;

    c. Sarasin Bank, in Switzerland, account number ending in 0900.6, which had an aggregate amount exceeding $10,000 during the year 2009;

34. Defendant Marcela Salman Toso directly communicated with representatives of Union Bank Switzerland to direct the investment, allocation, or distribution of funds held in the account with number ending in 90298, between 1991 and 2008.

35. Defendant Marcela Salman Toso reported no income from the foreign accounts described in paragraph 33 on her 2008 IRS Form 1040 Individual Income Tax Return, though she had actually received such income, and later amended her 2008 federal income tax return to reflect such income.

36. Defendant Marcela Salman Toso did not include a Schedule B, which should have disclosed foreign bank accounts, on her 2008 income tax return.

37. Defendant Marcela Salman Toso reported no income from the foreign accounts described in paragraph 34 on her 2009 IRS Form 1040 Individual Income Tax Return, though she had actually received such income, and later amended her 2009 federal income tax return to reflect such income.

38. Defendant Marcela Salman Toso did not include a Schedule B, which should have disclosed foreign bank accounts, on her 2009 income tax return.

39. Defendant Marcela Salman Toso was subject to the reporting requirements contained in 31 U.S.C. § 5314 for calendar years 2008, and 2009, because she was a United States person and had an interest in and/or signatory authority over the above accounts, and the balance of the accounts exceeded $10,000.

40. Defendant Marcela Salman Toso violated the reporting requirements of 31 U.S.C. § 5314 because she failed to file complete FBARs for 2008 and 2009.

41. Section 5321(a)(5) of Title 31, United States Code, provides for the imposition of civil penalties against taxpayers who willfully failed to comply with the reporting requirements of section 5314.

42. Defendant Marcela Salman Toso's failure to comply with the reporting requirements was willful under 31 U.S.C. § 5321(a)(5), as evidenced by the following:

a. Defendant Marcela Salman Toso failed to report any income she received from her foreign bank accounts in 2008 and 2009 on her IRS Form 1040 Individual Income Tax Returns for those years. She also failed to include a Schedule B on her tax returns for each of those years, and therefore failed to assert her ownership of foreign bank accounts on her federal income tax returns. When she subsequently amended her 2008 and 2009 income tax returns, she reported such income.

b. In her OVDI application, Defendant Marcela Salman Toso falsely stated that her mother-in-law opened and initially funded the first UBS account in 1991. During a subsequent IRS examination, Defendant Marcela Salman Toso told Revenue Agent Barbara Kenny, who conducted an examination of the defendants, that her mother-in-law had opened the first UBS account and that the Defendant was not a beneficial owner. In fact, both defendants jointly opened and initially funded the account, were beneficial owners, and actively managed the account.

c. In 2000, Defendant Marcela Salman Toso instructed UBS to avoid disclosure of her identity to the Internal Revenue Service in accordance with U.S. tax law, and to that end, to freeze all new investments in U.S. securities to prevent disclosure of her identity as a foreign bank account holder to the Internal Revenue Service.

d. Defendant Marcela Salman Toso personally met with UBS employees in the United States to discuss investment strategy, but also to avoid disclosure of the existence of her foreign accounts to the Internal Revenue Service.

e. In 2002 and 2003, Defendant Marcela Salman Toso transferred funds between the UBS account and her domestic bank accounts on eight separate occasions, each time transferring either $9,500 or $9,600 to the domestic accounts. These amounts are below the $10,000 threshold that would have triggered the domestic banking institutions to alert the IRS and Financial Crimes Enforcement Network (FinCEN) to the transfers by filing a FinCEN Form 104, Currency Transaction Report (CTR).

f. A federal court authorized the issuance of a "John Doe" summons by the Internal Revenue Service on July 1, 2008 in an attempt to identify U.S. taxpayers who had unreported accounts with UBS. Less than one month later, Defendant Marcela Salman Toso ordered UBS to close her jointly owned account and transfer all funds to the Sarasin account.

43. On June 16, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against Defendant Marcela Salman Toso under 31 U.S.C. § 5321(a)(5) in the amount of $195,165.00 for 2008.

44. On June 16, 2015, a delegate of the Secretary of the Treasury assessed a civil penalty against Defendant Marcela Salman Toso under 31 U.S.C. § 5321(a)(5) in the amount of $195,165.00 for 2009.

45. The Internal Revenue Service sent notice of the June 16, 2015 assessment to Defendant Marcela Salman Toso, and demanded payment of the penalties described in paragraphs 43 and 44.

46. Defendant Marcela Salman Toso has neglected or refused to fully pay the penalties assessed against her as described in paragraphs 44 and 45, above.

47. Interest and penalties have accrued pursuant to 31 U.S.C. § 3717, and will continue to accrue on the above-described penalty assessments as prescribed by law until the penalties are paid in full.

48. Defendant Marcela Salman Toso is indebted to the United States with respect to the penalties described in paragraphs 42 and 43, in the total amount of $433,833.77, as of February 16, 2017, plus statutory additions that continue to accrue thereafter as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment against Roberto Toso and in favor of the United States in the amount of $442,431.04 for the penalties assessed against him under 31 U.S.C. § 5321(a)(5) for 2008 and 2009, plus further interest and statutory additions thereon as allowed by law from May 4, 2017 to the date of payment.

B. Enter judgment against Marcela Salman Toso and in favor of the United States in the amount of $433,833.77 for the penalties assessed against her under 31 U.S.C. § 5321(a)(5) for 2008 and 2009, plus further interest and statutory additions thereon as allowed by law from February 16, 2017 to the date of payment.

C. Award the United States its costs incurred in prosecuting this action, including attorney's fees and costs.

D. Award the United States any such other and further relief as justice may require.

Dated: June 7, 2017

CHANNING D. PHILLIPS
United States Attorney
District of Columbia

DAVID A. HUBBERT
Acting Assistant Attorney General

By: /s/ Sean Paul O'Donnell
SEAN PAUL O'DONNELL
Virginia Bar No. 89453
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 305-3136
Fax: (202) 514-6866
Sean.P.ODonnell@usdoj.gov