# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

ROBERT TOSO, *et al.*,

    *Defendants.*

No. 17-cv-1092 (DLF)

## **MEMORANDUM OPINION**

Before the Court is the plaintiff's Motion for Default Judgment, Dkt. 27. For the reasons that follow, the Court will grant the motion.

## I. BACKGROUND

The plaintiff filed this action on June 7, 2017, Dkt. 1, to collect civil penalties and interest assessed against the defendants under 31 U.S.C. §§ 5314, 31 U.S.C. 5321, and 31 U.S.C. 3717 for their willful failure to report interests in foreign bank accounts in 2008 and 2009. *Id.* The plaintiff attempted to serve each defendant but was unable to do so because the defendants had left the country. Pl.'s Mot. for Default J. at 2, Dkt. 27-1. The defendants then signed service waivers on February 26, 2018 that provided for an answer deadline of March 1, 2018. Dkts. 16, 17. Because the Court received the waivers after that deadline had already passed, the Court extended the answer deadline until April 20, 2018. Minute Order of Apr. 6, 2018. The Clerk of Court filed an entry of default as to both defendants on April 25, 2018, Dkt. 21, because they still had not filed an answer or other response to the complaint.

Thereafter, the parties worked to "negotiate an amicable settlement of this case." Status Report at 2, Dkt. 26. The parties were unable to settle, and the defendants continued not to

answer or otherwise respond to the complaint. On December 7, 2018 the plaintiff filed this motion for default judgment, Dkt. 27.

Before ruling on the plaintiff's motion, the Court gave the defendants yet another opportunity to respond. On December 18, 2018—when the defendants had still not responded to the complaint or to the plaintiff's motion for default judgment—the Court ordered the defendants to show cause on or before January 8, 2019 as to why the Court should not enter a default judgment in favor of the plaintiff. Minute Order of Dec. 18, 2018. As of February 4, 2019, the defendants still have not filed any response to the complaint, the clerk's entry of default, the plaintiff's motion for default judgment, or the Court's show cause order.

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure empowers a federal district court to enter a default judgment against a defendant who fails to defend its case. Fed. R. Civ. P. 55(b)(2); *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). While federal policy generally favors resolving disputes on their merits, default judgments are appropriate "when the adversary process has been halted because of an essentially unresponsive party." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (internal quotation marks omitted). Ultimately, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008).

Obtaining a default judgment is a two-step process. First, the plaintiff must request that the Clerk of Court enter default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Clerk's entry of default establishes the defendant's liability for the well-pleaded allegations in the complaint. *Boland v. Providence Constr. Corp.*, 304 F.R.D. 31,

35 (D.D.C. 2014). Second, if the plaintiff's claim is not for a "sum certain," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). At that point, the plaintiff "must prove his entitlement to the relief requested using detailed affidavits or documentary evidence on which the court may rely." *Ventura v. L.A. Howard Constr. Co.,* 134 F. Supp. 3d 99, 103 (D.D.C. 2015) (alterations adopted and internal quotation marks omitted).

When ruling on a motion for default judgment, a court "is required to make an independent determination of the sum to be awarded." *Fanning v. Permanent Sol. Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (internal quotation marks omitted). In performing that inquiry, the court has "considerable latitude." *Ventura*, 134 F. Supp. 3d at 103 (internal quotation marks omitted). The court may conduct a hearing to determine damages, Fed. R. Civ. P. 55(b)(2), but it is not required to do so "as long as it ensures that there is a basis for the damages specified in the default judgment," *Ventura*, 134 F.Supp.3d at 103 (alterations adopted and internal quotation marks omitted).

## III. ANALYSIS

Default judgment is appropriate in this case because of the "absence of any request to set aside the default or suggestion by the defendant[s] that [they] ha[ve] a meritorious defense." *Fanning*, 257 F.R.D. at 7 (citation and internal quotation marks omitted). And due to the Clerk's entry of default, the defendants are deemed liable for the well-pleaded allegations in the complaint. *Boland*, 304 F.R.D at 35.

Although "[t]he clerk's entry of default alone is enough to establish the defendant's liability," *id.*, the Court still must independently determine the amount of damages. *Ventura*, 134 F. Supp. 3d at 103. Here, § 5321(a)(5)(C) provides for the imposition of civil penalties against taxpayers who willfully fail to comply with § 5314(a) in the amount of the greater of $100,000 or

3

50% of the balance in the relevant bank accounts at the time of the violation. This penalty is subject to interest and further penalties under 31 U.S.C. § 3717.

In support of its motion for default judgment, the plaintiff has submitted (1) the declaration of Sean P. O'Donnell, counsel for the plaintiff, Dkt. 27-2; and (2) the declaration of Nancy Beasley, the assigned Foreign Bank Account Reporting Act Penalty Coordinator for the IRS in Detroit, Michigan, Dkt. 27-3. The declarations and their accompanying exhibits, *see* Dkt. 27, set forth the plaintiff's calculations, detailing the principal, interest, and penalty fees owed by each defendant. The declarations and the entire record establish that, as of August 13, 2018, Robert Toso owed the following amounts totaling $472,954.02:

- $388,330.00 of principal;
- $12,362.72 in interest payments; and
- $72,261.30 for assessed penalty fees.

*See* Dkt. 27-3, ¶¶ 3–4; Dkt. 27-6.

The declarations and the entire record further establish that, as of August 13, 2018, Marcela Salman Toso owed the following amounts totaling $474,273.28:

- $388,330.00 of principal;
- $12,277.61 in interest payments;
- $38,620.22 for assessed penalty fees; and
- $35,045.45 of pending penalty fees.

*See* Dkt. 27-3, ¶¶ 5–6; Dkt. 27-7.

Therefore, pursuant to §§ 5314, 5321, and 3717, the Court concludes that the plaintiff is entitled to a monetary judgment of $472,954.02 against Robert Toso, and a monetary judgment of $474,273.28 against Marcela Salman Toso.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's Motion for Default Judgment. A separate order consistent with this decision accompanies this memorandum opinion.

                                                                              */s/ Dabney L. Friedrich*
                                                                              DABNEY L. FRIEDRICH
                                                                              United States District Judge

February 4, 2019